UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO. 14-CIV-62400-BLOOM

KING OCEAN SERVICES LTD.
(CAYMAN ISLANDS) INC.,

      Plaintiff,
v.

GFC CRANE CONSULTANTS, INC.,

      Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT, RESCHEDULING PRETRIAL DEADLINS AND REFERRING TO MAGISTRATE JUDGE

THIS CAUSE is before the Court upon Defendant GFC Crane Consultants, Inc.'s ("Defendant") Motion for Summary Judgment, ECF No. [43] (the "Motion for Summary Judgment") and Plaintiff King Ocean Services Ltd. (Cayman Islands) Inc.'s ("Plaintiff") Motion to Strike Defendant's reply in support of its Motion, ECF No. [50] (the "Motion to Strike"). The Court reviewed the Motions, the record in this case, and applicable law, and had the benefit of hearing argument from the parties on August 13, 2015 (the "Hearing"). For the reasons articulated and as determined by the Court at the Hearing, it is hereby **ORDERED AND ADJUDGED** as follows:

The Motion to Strike, ECF No. [50], is **DENIED**. Plaintiff filed its response in opposition to the Motion on July 16, 2015. ECF No. [48]. Defendants filed its reply on July 27, 2015. ECF No. [49]. By operation of Fed. R. Civ. P. 6(d), 6(a)(1)(c), and 5(2)(E) Defendant's reply deadline was July 27, 2015. Accordingly, Defendant's reply was timely.

The Motion for Summary Judgment, ECF No. [43], is **DENIED**.  Defendant argued that Plaintiff has already been compensated in the full amount of its claimed damages (excluding a $100,000 deductible Plaintiff raised in its response to the Motion) by its insurer, Assuranceforeningen Skuld (Gjensidig) ("Skuld"), and has suffered no damages absent impermissible double recovery.  Defendant further contended that Plaintiff's attempt to cure Skuld's absence from this matter by submitting Skuld's ratification, pursuant to Rule 17, of Plaintiff's commencement and prosecution of this action, was untimely and prejudicial – untimely because the date joinder, pursuant to Rule 19, set by this Scheduling Order, ECF No. [10], has passed; and prejudicial because, at this late stage in the litigation, Defendant would be left unable to take discovery from Skuld (with respect to the reasonableness of Plaintiff's claimed damages).  By its Ratification Agreement, ECF No. [44-1], Skuld states that its subrogated interest here is properly pursued by Plaintiff, and agrees to be bound by all orders of this Court and any outcome of this case.  Plaintiff highlights that Defendant was aware of Skuld's interest in this matter because:  (1) Plaintiff listed Skuld in its Rule 16 disclosure as having a financial interest; (2) Skuld representatives attended mediation; (3) Plaintiff, responding to Defendant's request for production regarding "insurance policies," produced a copy of the relevant Skuld policy documents; and (4) Plaintiff, responding to defendant's interrogatories, explicitly stated that Skuld had paid its indemnification claim – with two months left before the discovery cutoff.

The Court first notes that, because Plaintiff paid a $100,000 deductible, as Defendant admits, Plaintiff is a proper party in interest here.  Because Skuld is only partially subrogated to the rights of its insured, its joinder was not necessary under Rule 19.

As to ratification, Rule 17(a)(3) provides:

> *Joinder of the Real Party in Interest*. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Based on the plain meaning and purpose of the rule – to protect defendants from multiple lawsuits – ratification is proper in this subrogation context. Facing strikingly similar circumstances, the court in *Levy Jewelers, Inc. v. ADT Sec. Systems, Inc.*, 187 F.R.D. 701 (S.D. Ga. 1999), permitted Rule 17 ratification to add an insurer to the action at a late stage in the litigation (after discovery had completed, based on defendant's uncovering, during discovery, of partial payment by the insurer): "Because the purpose of Rule 17(a) is to protect the defendant from multiple actions, the ratification agreement obviates any need to add [the insurer] as a party [under Rule 19]." *Id*. at 702. While in *Levy*, as is typical in the Rule 17 context, the defendant (not the plaintiff) moved to include the insurer as a party in interest, the facts and reasoning align with those here: ratification post-discovery and deep into the action; partial subrogation (such that the insured plaintiff was still a proper party in interest); an airtight ratification (as here, where the insurer agrees to be bound by the orders of this court and outcome of this case); and addition of the insurer via Rule 17 without the need to resort to Rule 19.

Accordingly, the Court denies the Motion for Summary Judgment at this juncture, and permits Skuld's addition to this matter by ratification.

To avoid any prejudice to Defendant, the Court's Scheduling Order, ECF No. [10], is **MODIFIED** to extend the discovery deadline to **August 30, 2015**, in order to permit Defendant to take discovery, including deposing a corporate representative from Skuld, and to permit the parties to complete the depositions of Plaintiff's corporate representatives. The Court extends the deadline for the parties to submit joint pre-trial stipulation, proposed jury instructions and verdict

3

form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions) to **September 17, 2015**.

As agreed to at the Hearing, this matter is **REFERRED** to Magistrate Judge William C. Turnoff for a settlement conference to take place between **September 3, 2015 and September 4, 2015**. The parties shall contact Judge Turnoff's chambers for further scheduling details.

**DONE AND ORDERED** in Miami, Florida this 13th day of August, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:    Counsel of Record